**MAHAFFEY v. HELVERING, Com'r of Internal Revenue.**

No. 12648.

Circuit Court of Appeals, Eighth Circuit.

Feb. 15, 1944.

Henry J. Richardson, of Washington, D. C. (R. D. FitzGibbon, of St. Louis, Mo., on the brief), for petitioner.

S. Dee Hanson, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The decision of the question presented on this petition to review a judgment of the United States Tax Court turns upon the effect, for purposes of income taxation, of transactions of petitioner, whereby he arranged for the payment of dividends on certain shares of corporate stock to his mother for her life. Apparently the parties agree that the precise question is whether the petitioner granted his mother a present irrevocable interest in the shares of stock, as the petitioner contends, or whether he merely transferred to her income accruing to him from shares of stock of which he retained the full ownership and control. The Tax Court held that the second of the alternatives stated was established by the evidence, and affirmed the ruling of the Commissioner attributing the income from the shares of stock to the petitioner and determining deficiencies in his income tax for the years 1936, 1937, and 1938.

The facts are not in dispute.

On January 17, 1934, the petitioner, Birch O. Mahaffey, a resident of Missouri, was the owner of 500 shares of 6 per cent cumulative preferred stock, of the par value of $100 a share, of the Delk Investment Corporation of Missouri. On the date mentioned the petitioner executed an instrument in writing entitled "Assignment of Dividend Income From Stocks," in which he recited his desire to set aside 250 shares of the preferred stock of the Delk Investment Corporation for the purpose of assigning and transferring to his mother, Mrs. W. F. Mahaffey, for the term of her natural life, all dividend income which might be derived from the stock. Pursuant to this declared intention the instrument provided that the petitioner "hereby Assigns, Transfers and Delivers unto his mother, Mrs. W. F. Mahaffey, of Sulphur Springs, Texas, for the term of her natural life, all dividend income which may be derived from Two Hundred and Fifty (250) shares of the 6% Cumulative Preferred Stock of the Delk Investment Corporation"; and that petitioner "hereby declares that from this date hence he is holding Two Hundred and Fifty (250) shares of his said Preferred Stock of the Delk Investment Corporation in trust for the purpose of accomplishing the dividend income assignment above

mentioned." On the same day the petitioner endorsed Stock Certificate No. 34 for 500 shares of preferred stock of the Delk Investment Corporation as follows: "For Value Received, I hereby sell, assign and transfer unto Birch O. Mahaffey, trustee pursuant to trust declaration dated Jan. 17, 1934 250 Shares of the Preferred Stock represented by the within Certificate. Certificate No. 34 was surrendered to the corporation for cancellation and reissue in accordance with this endorsement. On May 9, 1934, the certificate was duly cancelled, and on the same day Certificate No. 64 for 250 shares of stock was issued in the name of petitioner as trustee, bearing on its face the following notation: "Dividend income from this stock to go to Mrs. W. F. Mahaffey during her life—See Declaration of Trust by Birch O. Mahaffey, dated January 17, 1934, in Delk doc. envelope #200."

Petitioner filed a gift tax return for the year 1934, in which he stated that he had made a gift by the creation of an irrevocable trust, and described the gift as follows: "All dividend income from 250 shares of Delk Investment Corporation 6% Cumulative Preferred Stock to and for the term of the natural life of Mrs. W. F. Mahaffey," petitioner's mother, aged 76 years. The value of the gift was given as $6,976.87, computed on the basis of the value at the time of the gift of an annuity of $1,500, payable for the life of the donee. Mrs. Mahaffey filed an information return of gifts for the year 1934, describing the gift as life dividend income from 250 shares of Delk Investment Corporation preferred stock, held in trust by B. O. Mahaffey.

All dividends on the 250 shares of preferred stock during the years 1934 to 1938, inclusive, were paid directly by the Delk Investment Corporation to Mrs. Mahaffey.

In June 1936 petitioner sold to the Mesco Corporation all "the right, title and interest in and to Fifteen Hundred (1,500) shares of Delk Investment Corporation 6% Preferred Stock as remains at the death of said Seller—in other words, said stock is hereby Sold to said Buyer subject to the Seller's life interest therein—being the right to receive all the income therefrom during Seller's life—which said life interest is excepted from this sale and retained by said Seller." This sale was evidenced by two written agreements between petitioner and the Mesco Corporation. The Delk stock involved included the 250 shares which were the subject of petitioner's prior declaration of trust for the benefit of his mother. Following this transaction, petitioner surrendered to the Delk Corporation Certificate No. 64 for 250 shares of the corporation's preferred stock, then standing in the name of B. O. Mahaffey, trustee, after having executed thereon an assignment reading as follows: "For Value Received, I hereby sell, assign and transfer unto Mrs. W. F. Mahaffey for life; then to Birch O. Mahaffey for life; with remainder to The Mesco Corporation 250—being all of the—Shares of the Preferred Stock represented by the within certificate, ·and do hereby irrevocably constitute and appoint ——— Attorney with full power of substitution in the premises." Petitioner received, in lieu of Certificate No. 64, Certificate No. 69 for 250 shares of preferred stock, issued to Mrs. W. F. Mahaffey for life, then to Birch O. Mahaffey for life, with remainder to the Mesco Corporation.

We are unable to agree with the Tax Court's conclusion on the evidence in this case that the petitioner merely assigned to his mother the income from certain shares of stock of which he "continued to be the owner and over which he continued to exercise dominion and control," and that there was nothing in the writing entitled "Assignment of Dividend Income From Stocks" to indicate that petitioner intended "to constitute himself the trustee of a life estate for the mother in the shares." On the contrary, we think the evidence compels the holding that petitioner made a gift in praesenti of an irrevocable estate in 250 shares of stock in the Delk Corporation. In the solution of the question presented, the caption of the writing of January 17, 1934, is not of controlling importance, nor is it significant that this instrument was not drawn with expert care. The transaction must be viewed in its entirety. No particular formalities are required for the creation of trusts. It is enough that the intention of the settlor to create a trust is clearly manifested, and that the trust estate, the purpose of the trust, and the beneficiary or beneficiaries are indicated with reasonable certainty. Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35; Chicago, M. & St. P. R.R. Co. v. Des Moines U. R. Co., 254 U.S. 196, 208, 41 S.Ct. 81, 86, 65 L.Ed. 219; Bingen v. First

Trust Co. of St. Paul, 8 Cir., 103 F.2d 260, 264; In re Soulard's Estate, 141 Mo. 642, 43 S.W. 617. The intention to create a trust may be manifested by written or spoken words or by the conduct of the settlor. Restatement of the Law of Trusts, §§ 23 and 24. In the present case the petitioner not only declared, in the writing of January 17, 1934, his intention to set aside the shares of stock for the purpose of paying the dividends therefrom to his mother for life, and that, from the date of the instrument, he held the stock as trustee for that purpose, but, following its execution, he caused the stock to be conveyed to himself as trustee for the purpose stated. The conclusion that a valid irrevocable trust in favor of his mother was created by the acts and declarations of petitioner is inescapable. It follows that on the creation of the trust petitioner's mother took a present equitable estate in the corporate stock which constituted the corpus of the trust. Petitioner at the same time surrendered the power of control and dominion over the stock and the right to recapture either, to the exclusion of the estate granted his mother. Restatement of the Law of Trusts, §§ 130, 132, 330, 331.

The subsequent transactions of petitioner with reference to the stock transferred in trust are without significance. Whatever his intention in these transactions may have been, he was then without power to revoke the trust previously created. Moreover, we find nothing in these transactions to indicate any intention on the part of petitioner to deny the trust in favor of his mother. All that he purported to sell to the Mesco Corporation was his interest in the stock which was the subject of the sale. It was not necessary that he define that interest with particularity. His conduct in causing the shares of stock constituting the corpus of the trust to be reissued in the name of his mother for life repels the idea that he intended to abandon his obligation as trustee. Whether by this action he conveyed the legal title in the trust estate to the beneficiary we need not decide, since in that event the income thereafter derived from the trust estate was certainly not taxable to him.

It follows from what we have said that the income from the trust estate during the years 1936, 1937, and 1938, petitioner's mother being then still living, was not attributable to petitioner. The decision here is controlled by the rules announced in Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81; Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055; Hort v. Commissioner, 313 U.S. 28, 61 S. Ct. 757, 85 L.Ed. 1168; and Helvering v. Stuart, 317 U.S. 154, 602, 63 S.Ct. 140, 87 L.Ed. 154. We have recently had occasion to discuss all of these decisions of the Supreme Court. United States v. Pierce, 8 Cir., 137 F.2d 428; Bell's Estate v. Commissioner, 8 Cir., 137 F.2d 454. It is unnecessary to repeat that discussion here. It is sufficient to say that the sum of the holdings in the cases mentioned is that, for the purpose of taxation, the income of a trust is attributable to the beneficiary, where, by the creation of the trust, the beneficiary acquires a present estate in the corpus of the trust beyond the power of the settlor to revoke, the settlor thereafter having neither the right to appropriate nor to control the receipt of income by the beneficiary, and the trust not having been created to procure a satisfaction which could only be obtained by the expenditure of money or property by the settlor. Bell's Estate v. Commissioner and United States v. Pierce, supra. In the present case the petitioner was under no legal obligation to provide an income for his mother. It does not appear in evidence that petitioner's mother was without other sufficient income. Petitioner has not transferred to himself as trustee a liability which was his before the transfer, nor is there anything in the record to indicate that petitioner, by the creation of the trust, received economic gain or benefit, or retained the power to receive either.

The judgment of the Tax Court of the United States is reversed, and, since the amount of its judgment depends upon other questions decided below and not involved on this review, this case is remanded for further proceedings in conformity with this opinion.

WOODROUGH, Circuit Judge (dissenting).

I am in accord with the decision of the Tax Court and therefore dissent. The common run of taxpayers must, and do, more or less cheerfully, pay tax in respect

to the part of their income that they devote to providing for aged parents. I find no lack of "expert care" in this taxpayer's ingenious attempt to provide Fifteen Hundred Dollars a year for his aged mother out of income from his preferred stock and to exempt himself from tax in respect to it. It involved very much expertness. But I think the Tax Court properly appraised the true purpose and intention of the taxpayer, disclosed in his acts and the wording of his document of January 17, 1934, and his subsequent transactions. That he intended to, and acted and worded his document so that he could and did, retain full dominion and control of his stock, seems to me to be fairly deducible from the acts and wording and to be confirmed by the fact that he did subsequently make a sale of the stock as corpus for some $60,000 without any reference to, or recognition of, any alleged interest of his mother.

The one tangible, undebatable fact in this case is that the taxpayer keeps his stock and his papers about it himself. Outside of that, the Tax Court and this Court have both drawn able reasonings from the same law books. But we mistake to call the conclusions "inescapable." Though it has been said that in cases of doubt as to liability for tax the courts may resolve such doubt for the taxpayer, the courts cannot apply such a doctrine to the solution of tax problems created with artifice for the purpose of escaping taxes. They can not so commit the institution to the affirmative aid of the artificers, or say to them: "You make the matter doubtful and the courts will do the rest." The government exists by taxation.