HARLOW N. DAVOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36501. Promulgated September 25, 1953.

*Frank H. Boyer, Esq.,* for the petitioner.
*Robert J. Fetterman, Esq.,* for the respondent.

1078

OPINION.

WITHEY, *Judge:* Did petitioner sustain a short-term capital loss in 1945 in the amount of $7,615.56 by virtue of the sale of Parcel A during that year?

There is no dispute between the parties that petitioner paid $9,115.56 for Parcel A. The controversy arises over the amount received by him on sale of that parcel to the State of Michigan. Petitioner maintains he received but $1,500, the amount fixed by the state's appraiser as the fair market value. Respondent insists that petitioner received $9,115.56 and, therefore, suffered no capital loss in the transaction. Respondent's contention is based on the premise that petitioner actually sold the two parcels, A and B, as a single unit and received a single purchase price therefor; that he therefore has no basis for an allocation of a portion of the amount so received to Parcel A; that he has no legal authority for so doing; and, finally, that in any event petitioner having purchased Parcel A knowing that he could not recover his cost his loss thereby sustained is not deductible because it could not be said to have been "incurred in any transaction entered into for profit." Section 23 (e) (2),[1] Internal Revenue Code.

Petitioner was justified in treating the purchase and sale of Parcel A as a separate and distinct transaction even though it was sold together with Parcel B as a unit for which a single purchase price was paid. *Lakeside Irrigation Co.* v. *Commissioner,* (C. A. 5) 128 F. 2d

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

\* \* \* \* \* \* \*

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

418, affirming 41 B. T. A. 892, certiorari denied 317 U. S. 666, where the court stated as follows:

We are of opinion that in ascertaining gain and loss by sales or exchanges of property previously purchased, *in general each purchase is a separate unit as to which cost and sale price are to be compared.* If less than all of a purchase is sold, either a credit on the cost of all is to be entered, or a proportion of the cost is to be attributed to what is sold, as Regulations may have prescribed. *If several things separately bought are welded into some physical or business unit, as where bricks, lumber and hardware are made into a house, or machines and buildings are made into a plant, and then sold together, the cost is the aggregate costs of the ingredients, and the sale price is that of the whole, for separation would be impracticable and unreasonable. But where, as here, four unrelated lots of stock were separately acquired and might readily have been separately sold, the fact that after ascertaining the value of each lot all were transferred together for a lump price will not require or authorize a merger of costs.* [Emphasis supplied.]

The general rule referred to by the court in *Lakeside* was discussed by us in *William F. Krahl,* 9 T. C. 862. We there said:

Petitioner argues that * * * the properties supplemented each other and must be considered as an economic unit. * * * We are not satisfied that petitioner actually welded the two properties into a single unit or that any other sufficiently significant correlating factor exists to justify a merging of cost bases. * * *

*To constitute an exception to the general rule that each purchase is a separate unit, we consider it sound to insist on such a sufficiently thoroughgoing unification of separately purchased properties as naturally recommends a consolidation of their bases.* * * * [Emphasis supplied.]

The rule has been followed in *Morris Investment Corporation,* 5 T. C. 583; affd. (C. A. 3) 156 F. 2d 748, certiorari denied 329 U. S. 788, and in *B. O. Mahaffey,* 1 T. C. 176, reversed on another point, 140 F. 2d 879. It is true that in all these cases the law involved was section 24, but the principle of separateness of assets there involved is identical with that with which we are here concerned.

if the total consideration is paid for a mixed aggregate of assets, its allocation among the several properties acquired should be based upon the relative value of each item to the value of the whole. [*C. D. Johnson Lumber Corporation,* 12 T. C. 348.]

See also *Nathan Blum,* 5 T. C. 702; *Clifford Hemphill,* 25 B. T. A. 1351; and *William F. Krahl, supra.* Petitioner's offer to sell both parcels, A and B, was at a price of substantially $75 per acre. On that basis the 20 acres of Parcel A would be priced by him at $1,500. The state purchased both parcels (935 acres) for $70,050 even though it had appraised the entire tract at $75,185. Based upon those figures the allocation of a purchase price to Parcel A on a relative value basis may be determined as follows:

$$\frac{\$1,500}{\$75,185} \times \$70,050 = \$1,397.50$$

Petitioner has indicated on brief that regardless of the above computation he finds no fault with a valuation of $1,500 for Parcel A. We have found as a fact that such was its fair market value on the date of its acquisition. Its value did not change in the short period between its acquisition and sale.

There remains for consideration respondent's contention that regardless of how petitioner is permitted to treat the Parcel A transaction that transaction was not entered into for profit and, therefore, any loss thereby sustained is not deductible. The language of section 23 (e) (2) upon which respondent relies does not refer to a single transaction where that transaction is but one of several involved in a unit sale of an aggregate of properties. The transaction there referred to relates to the entire transaction involving all properties of which the aggregate is comprised. In *Fred E. Owen* v. *United States*, 99 F. Supp. 855, appeal dismissed 196 F. 2d 501, the Federal District Court considered an analogous situation where the taxpayer, in order to gain control of a corporation of which he was a stockholder, purchased all of the stockholdings of one Molthop and in order to pay for the same immediately sold them to several individuals, together with a portion of the taxpayer's stockholdings, at a loss. The court in deciding that the taxpayer's loss thus suffered was deductible as a short-term capital loss said:

The loss mentioned above was sustained in a transaction entered into for profit. * * * The taxpayer's primary motive for executing this scheme, whereby he gained control of the Paxton & Vierling Iron Works, was to profit and therefore the transaction of August 31, 1943, was one entered into by the taxpayer for profit within the meaning of Section 23 (e) (2) of the Internal Revenue Code. * * * It is true that Owen might have known that he would have to sell some of the shares purchased from Molthop at a loss, *but the sale of this stock was an integral component of the entire indivisible transaction* and it is the general rule that if the original transaction, consisting of several integral components, was entered into for profit, all the components making up the one indivisible transaction are part of a profit transaction. * * * [Emphasis supplied.]

To hold that petitioner knowingly purchased Parcel A at a $7,615.56 loss without having a profit motive would be an exceedingly narrow and strained construction of the facts. Indeed, it is amply apparent that his only reason for so doing was his immediate prospect of realizing an overall profit on the unit sale of both parcels. We, therefore, hold that petitioner correctly fixed the fair market value of Parcel A at $1,500, that his cost basis was $9,115.56, and that he is entitled to a short-term capital loss in the amount of $7,615.56.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

HARRON, *J.*, dissents.