LEWIS L. FAWCETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 118.   Promulgated February 21, 1944.

OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $1,366.98 in the petitioner's income tax for 1940. The petitioner assigns as error the disallowance of a deduction claimed on his return for long term capital losses sustained by him on two sales of property

---

to his brother. The allowability of such deduction is the only question at issue. The proceeding has been submitted on stipulated facts under Rule 30.

The petitioner, a resident of Brooklyn, New York, filed his 1940 income tax return with the collector for the first district of New York. On December 26, 1940, he sold to his brother, John C. Fawcett, certain real estate for $1,000, and a mortgage for $5,000. He had paid $3,000 for the real estate in 1927 and $10,000 for the mortgage on June 1, 1938. He reported each sale as giving rise to long term capital loss and claimed deduction therefor. The Commissioner disallowed the deduction.

Section 24 (b) (1) of the Internal Revenue Code provides in part that no deduction shall be allowed in respect of losses from sales of property "(A) Between members of a family, as defined in paragraph (2) (D)." Subparagraph (D) of paragraph (2) provides, in material part, that "The family of an individual shall include only his brothers  *  *  *." The petitioner attempts to show that the word "property" in paragraph (1) means only stock, and that, so limited, the statute does not prevent the deduction of losses resulting from sales, otherwise within its terms, if the property sold is other than stock. He points out that paragraph (2) is captioned "Stock ownership, family, and partnership rule.—" and that its opening clause reads "For the purposes of determining, in applying paragraph (1), the ownership of stock—." Those circumstances, he argues, show that the family relationship of the parties to a sale is of significance only for the purpose of determining who is the owner of stock, and he concludes that where the sale is not of stock the statute is not applicable.

We can not subscribe to the petitioner's reasoning. Under the first three subparagraphs of paragraph (2), the ownership of stock in a corporation, a party to the sale, is attributed to persons other than the actual owners under certain circumstances. These provisions have no reference to stock which is the subject of a sale or exchange. The fourth subparagraph, (D), furnishes the definition of "family" which is necessary for the application of both subparagraph (B) of paragraph (2), under which an individual is considered as owning the stock owned, directly or indirectly, by or for his family, and subparagraph (A) of paragraph (1), which is quoted above. The broad reference to "property" in paragraph (1) is not in any way limited by anything in paragraph (2). The sales here in question, therefore, come within the express prohibition of the statute.

The petitioner argues that the legislative history of the statute supports his conclusions. We find, however, that the enactment of the statute into its present form was intended as an extension and strengthening of the restrictions rather than as a limitation of the prior law,

under which he concedes the deduction in question would not have been allowable. See H. R. Report No. 1546, 75th Cong., 1st sess. (1937), pp. 26, 27.

*Decision will be entered for the respondent.*