**FAWCETT v. COMMISSIONER OF INTERNAL REVENUE.**

No. 64.

Circuit Court of Appeals, Second Circuit.

May 15, 1945.

Lewis L. Fawcett, of Brooklyn, N. Y., pro se, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Muriel S. Paul, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

In 1927 the petitioner bought a parcel of real estate and in 1938 he purchased a mortgage. In 1940 he made a bona fide sale of both properties to his brother and sustained a loss on each. In his income tax return for 1940, he reported both as long term capital losses and claimed deductions for them. The commissioner disallowed the deductions on the ground that sales of property by one brother to another are transactions between members of a family and that losses on such sales are not deductible because of section 24(b) (1) (A) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 24(b) (1) (A). The Tax Court sustained the commissioner and this petition to review its decision followed.

There is no dispute of fact and the issue of law is a narrow one, relating wholly to the scope of the above mentioned statute. The petitioner contends that deductions are disallowed only in respect of losses from sales or exchanges of stock between members of a family, while the commissioner argues that the disallowance includes losses on intra-family sales or exchanges of all kinds of property, not of stock alone. We think the commissioner is right and that the decision under review must be affirmed.

Section 24 (b) (1) (A) of the Internal Revenue Code forbids the allowance of any deduction in the computation of net income in respect of losses from sales or exchanges of property, directly or indirectly, between members of a family as that term is defined in paragraph (b) (2) (D) of the same section. There is no other definition of "family" in section 24. Paragraph (b) (2) (D) serves no purpose but to define "family" as follows: "The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants;" and it would, even with nothing more to indicate that, be reasonable to believe that Congress meant in this way to define "family" but once and to have the word read as an abbreviation of the defining language wherever "family" appears in section 24. There is, however, additional support for that conclusion.

Subdivision (b) (2) deals with particular problems involved in determining the ownership of stock in applying paragraph (b) (1). It also happens to be the place chosen for the insertion of a definition of "family". Thus the single definition of "family" serves, for the purpose of applying paragraph (1), to make clear both what stock an individual is considered to own by virtue of (b) (2) (B) because it is owned directly or indirectly by or for his family, and also what sales or exchanges of any property are, by virtue of (b) (1) (A), to be considered intra-family sales or exchanges.

The argument of the petitioner, however, runs as follows: It is well established that in construing a statute a court should consider the prior law, the defect to be remedied, the remedy provided, and the reason for doing what was done. The prior law permitted the deduction of losses on all bona fide sales or exchanges of property. It was defective because sales between members of a family provided too easy a way to make such transactions appear bona fide when they were not. Such transactions in stock were most common. The change in the law must, therefore, have been intended to remedy that most common defect.

Even if we should resolve in his favor every doubt as to each premise stated in the above summary of the petitioner's argument and then reach the conclusion thus far stated, we could not follow the petitioner to his ultimate conclusion that Congress intended to prohibit the allowance of deductions for losses on intra-family sales or exchanges of stock alone. There are several reasons why we cannot do that. One is the lack of any apparent reason why, even if

Congress was impelled to pass the statute mainly because of a desire to eliminate deductions for losses on intra-family sales or exchanges of stock, it should have had any desire to permit deductions for losses on intra-family sales or exchanges of other property. Another reason is that the argument proves too much. Such a construction amounts to a repeal pro tanto by implication of the prior law as found in section 24(a) (6) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 831, which did prohibit the taking of deductions for losses on intra-family sales or exchanges of all kinds of property. By going so far it conflicts squarely with the well known rule that statutes are not to be held repealed by implication unless the new is so repugnant to the old that their provisions cannot be reconciled. Wood v. United States, 16 Pet. 342, 363, 10 L.Ed. 987; Graham & Foster v. Goodcell, 282 U.S. 409, 425, 51 S.Ct. 186, 75 L.Ed. 415.

And finally, a third reason is to be found in the time-worn suggestion that had Congress wanted to limit to intra-family transactions in stock the existing prohibition against deducting losses on such transactions in any property it could easily have said so plainly and its failure so to do is very significant. Tillson v. United States, 100 U.S. 43, 25 L.Ed. 543; Vicksburg, Shreveport & Pacific R. Co. v. Dennis, 116 U.S. 665, 6 S.Ct. 625, 29 L.Ed. 770.

Affirmed.