*Decision will be entered under Rule 50.*

## ARIZONA PUBLISHING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7631. Promulgated July 22, 1947.

*Austin H. Peck, Jr., Esq.*, for the petitioner.
*A. J. Hurley, Esq.*, for the respondent.

### OPINION.

LEECH, *Judge*: Respondent has determined a deficiency of $13,-186.42 in income tax for the calendar year 1941. The question presented is whether in determining the deficiency respondent acted properly under section 24 (b) (1) (B) of the Internal Revenue Code in disallowing a long term capital loss claimed by petitioner as resulting from the sale in 1941 of certain real estate to one of its stockholders. The proceeding was submitted under a stipulation of facts which we adopt as our findings of fact.

The stipulation reveals that petitioner is a corporation, organized

and existing under the laws of the State of Arizona, with principal place of business in Phoenix, Arizona. It is engaged in the business of publishing a daily newspaper and conducting a commercial printing plant. Its income tax return for the calendar year 1941 was filed with the collector of internal revenue for the district of Arizona. It is on an accrual basis of accounting.

In its Federal income and excess profits tax returns for the calendar year 1941, petitioner claimed and deducted a long term capital loss in the amount of $42,605.58. The circumstances in connection with the transaction giving rise to this claimed deduction were that during the year 1928 petitioner purchased certain real property located at Second Avenue and Van Buren Street, Phoenix, Arizona. This property was purchased for use as a building site for its newspaper and printing plant. Title was taken in the name of petitioner. For such property petitioner paid a consideration of $75,000, and it subsequently made improvements thereon costing $5,437.63, making a total cost of this real property to the petitioner of $80,437.63.

On December 26, 1940, petitioner's board of directors authorized the purchase of another parcel of real property in the city of Phoenix, which was considered to be better adapted to petitioner's needs. At this meeting the board of directors authorized the sale of the real property at Second Avenue and Van Buren Street.

During the period from December 26, 1940, to October 29, 1941, petitioner listed the Van Buren Street property for sale with real estate brokers in Phoenix, and advertised it for sale at frequent intervals in the daily newspaper published by it. This property was first advertised and listed at $45,000, which figure was later reduced to $42,000, but no buyer was found at either figure.

On November 21, 1941, the aforesaid real property was sold by petitioner for $38,000 to one Charles A. Stauffer, an officer and stockholder of petitioner. The net sale price after deduction of expenses of sale was $37,382.05. The fair market value of the property at the date of sale was $38,000.

On November 21, 1941, there were issued and outstanding 13,500 shares of petitioner's capital stock, all of which were of the same class and each of which carried the right to one vote. The record owners of these shares on the books on that date were as follows:

| Stockholders | Shares | Percentage |
|---|---|---|
| W.W. Knorpp | 7,290 | 54% |
| Charles A. Stauffer | 3,645 | 27% |
| Others | 2,565 | 19% |
| Total | 13,500 | 100% |

The 7,290 shares of petitioner's capital stock issued in the name of W. W. Knorpp were, under the laws of the State of Arizona, the community property of W. W. Knorpp and his wife. Mrs. W. W. Knorpp is the sister of Charles A. Stauffer.

The 3,645 shares of petitioner's capital stock issued in the name of Charles A. Stauffer were, under the laws of the State of Arizona, the community property of Charles A. Stauffer and his wife.

During the year 1941 none of the outstanding shares of petitioner's capital stock were issued in the name of either Mrs. W. W. Knorpp or Mrs. Charles A. Stauffer; nor did either of said individuals own any of such stock during 1941, except as hereinabove stated.

The entire purchase price of the property sold, to wit, $38,000, was paid by Charles A. Stauffer out of the community funds, under the laws of the State of Arizona, of Charles A. Stauffer and his wife.

Section 24 (b) of the Internal Revenue Code [1] precludes the deduction of a loss sustained by a corporation from sale of property to one owning more than 50 per cent in value of its outstanding stock. It is provided that, for the purposes of this section, an individual is deemed the owner of stock owned directly by him or owned by members of his family, including brothers and sisters, spouse, ancestors, and lineal descendants.

The shares of petitioner's capital stock issued in the name of Charles A. Stauffer were the community property of himself and wife. Similarly, the shares of petitioner's capital stock issued to W. W. Knorpp were, under the laws of the State of Arizona, the community property of the latter and his wife.

It has long been established that a wife's title in community property under the laws of Arizona is present and in every respect the equal of the husband's title. *La Tourette* v. *La Tourette*, 15 Ariz. 200; 137 Pac. 426; *Forsythe* v. *Paschal*, 34 Ariz. 380; 271 Pac. 865; *Oglesby*

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

\* \* \* \* \* \* \*

(b) LOSSES FROM SALES OR EXCHANGES OF PROPERTY.—

(1) LOSSES DISALLOWED.—In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly—

\* \* \* \* \* \* \*

(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual;

\* \* \* \* \* \* \*

(2) STOCK OWNERSHIP, FAMILY AND PARTNERSHIP RULE.—For the purposes of determining, in applying paragraph (1), the ownership of stock—

\* \* \* \* \* \* \*

(B) An individual shall be considered as owning the stock owned, directly or indirectly, by or for his family;

\* \* \* \* \* \* \*

(D) The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants; \* \* \*

v. *Poage*, 45 Ariz. 23; 40 Pac. (2d) 90. This principle has been definitely accepted for Federal income tax purposes. *Goodell* v. *Koch*, 282 U. S. 118.

It thus follows that the actual ownership of petitioner's stock on November 21, 1941, was W. W. Knorpp 27 per cent, Mrs. W. W. Knorpp 27 per cent, Charles A. Stauffer 13½ per cent, and Mrs. Charles A. Stauffer 13½ per cent. It also follows that, since Mrs. W. W. Knorpp is the sister of Charles A. Stauffer, and thus by the statutory definition is included within his family, her actual ownership of 27 per cent of petitioner's stock became his constructive ownership, so that, for purposes of application of that section, Charles A. Stauffer owned directly or indirectly 54 per cent of petitioner's outstanding stock at the time of the sale of the property in question.

Petitioner contends, however, that the purpose of section 24 (b) is to preclude the deduction of losses from sales in transactions which are in fact not bona fide, and that it should be applied only in such cases. This theory was rejected by us in *Nathan Blum*, 5 T. C. 702.

It is also contended by petitioner that the community property interest of Mrs. W. W. Knorpp under the laws of Arizona did not give her the type of ownership of the stock contemplated by section 24 (b). We do not agree. The decisions of the Arizona courts cited above specifically hold that the interest of the wife in the community property is equal in every respect to that of the husband. She may dispose of such interest by will and, dying intestate, such interest passes to her heirs. As the court said in *La Tourette* v. *La Tourette, supra:*

The law makes no distinction between the husband and wife in respect to the right each has in the community property. It gives the husband no higher or better title than it gives the wife. * * *

We hold accordingly that the loss realized by petitioner upon that portion of the property sold by it to Charles A. Stauffer may not be the subject of a deduction in computing net income. Respondent at the hearing and on brief admits error as to disallowance of more than one-half of the claimed loss, in view of the fact that it appears that the sale of the property was to Stauffer and his wife and was paid for with community funds. Consequently, one-half of the property must be considered as sold to Mrs. Stauffer, whose actual and constructive ownership of petitioner's stock on the critical date represented only the stock directly owned by her and the stock directly owned by her husband on such date, which is less than 50 per cent of the total stock outstanding. Concededly that portion of the loss attributable to the property sold Mrs. Stauffer is properly deductible. *Walter Simister, Jr.*, 4 T. C. 470.

*Decision will be entered under Rule 50.*