Edward F. KAISER, Appellant,

v.

Seldon R. GLENN, Collector of Internal Revenue, Appellee.

Ruth M. KAISER, Appellant,

v.

Seldon R. GLENN, Collector of Internal Revenue, Appellee.

Yancey Lee CUMMINS, Appellant,

v.

Seldon R. GLENN, Collector of Internal Revenue, Appellee.

No. 12074.

United States Court of Appeals
Sixth Circuit.

Oct. 21, 1954.

Oldham Clarke, James M. Cuneo-McElwain, Dinning, Clarke & Winstead, Louisville, Ky., for Yancey Lee Cummins.

Ernest Woodward II, Woodward, Hobson & Fulton, Louisville, Ky., for Edward F. and Ruth M. Kaiser.

S. Dee Hanson, Washington, D. C. (H. Brian Holland, Ellis N. Slack, Fred E. Youngman, Washington, D. C., J. Leonard Walker, Louisville, Ky., on the brief), for appellee.

Before ALLEN, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

The issue in this case is whether a certain contract of sale between partners and a corporation resulted in a sale

of their partnership interests or a sale of partnership assets. It is agreed that if the sale were of partnership assets, the gain would be taxable to the partners as ordinary income; if the sale were of partnership interests, the gain would be taxable as capital gain under Section 117 of the Internal Revenue Code, 26 U.S.C. A. § 117.

Appellants, as partners, entered into a contract with a corporation for the sale of all of their interest in the partnership, in which were included their books, records, accounts, customer files, choses in action, leases, contracts, and warehouse receipts for whiskey. From the contract of sale were excluded two contracts for the purchase of whiskey and the earnings of the partners as of the end of the month prior to the date of the contract of sale. The contract for sale of the partnership interest set forth the agreement between the partners and the corporation that no business had been transacted by the partners since the end of the prior month; that the partners " 'agree that said partnership shall be forthwith liquidated and dissolved according to the terms of the partnership agreement and said liquidation when completed shall be considered effective as of' " [114 F.Supp. 358.] the last day of the prior month. The delivery of all the interests of the partners was duly made to the corporation and the partnership thereafter liquidated. The two contracts for the purchase of whiskey were liabilities rather than assets; and the evidence on the trial disclosed that the reason that these contracts were not transferred to the corporation was because they were liabilities, since whiskey, subsequent to the war period during which the two contracts were executed, could be purchased at a lower price in the open market than the purchasers under the contracts in question would be obligated to pay, and that a purchaser of the partnership interests "would not want to buy a liability as those two turned out to be. * * *." In fact, the testimony was undisputed that "The only reason that those two contracts were not included in the sale of the partnership interests was because the purchasing corporation was unwilling to accept the responsibility of those two contracts. Those two contracts were not assets but were liabilities of the partnership and it was distinctly discussed and distinctly agreed that the liability, if any, resulting from those two contracts would be borne by the partnership * * *." Eventually, about six months after the execution of the contract of sale between the partners and the corporation, it cost several thousand dollars to secure a release from liability under such contracts of purchase; and the partnership thereupon was terminated.

The district court held that although the partners intended to transfer their partnership interest to the corporation in the contract of sale, nevertheless, the exclusion of the two whiskey purchase contracts from the sale to the corporation resulted in a sale of partnership assets rather than a sale of partnership interests, since "the retention * * * of the * * * contracts forced the partnership to continue to act as a unit"; and that the gain from the sale of such assets was properly taxable as ordinary income.

■■ In applying tax statutes, matters of substance are of first importance. In this case, the partners intended a sale of their partnership interests and their retention of the two contracts which could not be sold because the purchasing corporation would not accept them did not result in a continuation of the partnership business even though the partnership was not terminated until the partners' liability under the contracts was liquidated. The sale was not of partnership assets but of the partnership business as a going concern. The sale of a partnership interest in a going concern is treated as the sale of a capital asset; and the gain of appellants herein is properly taxable as a capital gain, and not as ordinary income. Hatch's Estate v. Commissioner, 9 Cir., 198 F.2d 26; Commissioner v. Shapiro, 6 Cir., 125 F. 2d 532, 144 A.L.R. 349.

The judgment is reversed and the case remanded for entry of a judgment in accordance with this opinion.