FRANK C. ENGELHART AND NINA ENGELHART, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61114.    Filed July 31, 1958.

*John M. Leonard, Jr., Esq.*, for the petitioners.
*John M. Byers, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency in income tax of the petitioner for 1951 in the amount of $6,205.60. One of the adjustments which he made was to add to income "Losses from sale of mixed metal $8,540.49." He explained that adjustment as follows:

(c) In your income tax return for the year ended December 31, 1951, you reduced the long term capital gains to be taken into account by the amount of $8,540.49 which represents losses from the sales of mixed metal to the Kester Solder Company—a corporation controlled by you. It is held that these losses, amounting to $8,540.49, are not deductible under the provisions of Sections 23 and 24 of the Internal Revenue Code of 1939 nor are they to be applied to reduce the long term capital gains to be taken into account under the provisions of Sections 22 and 117.

The correctness of this action of the Commissioner is the only issue raised in the petition.

The Commissioner filed an answer but later filed a motion to dismiss because the petition failed to state a cause of action. The Commissioner for the purpose of that motion admits all of the allegations of material fact alleged in the petition. The Commissioner relies upon section 24 (b) (1) of the Internal Revenue Code of 1939. The parties were heard on that motion and they have filed briefs.

The facts alleged in the petition may be summarized as follows:

F. C. Engelhart, the petitioner, issued a bona fide purchase order on July 12, 1950, for 200,000 pounds of mixed metal (an alloy of 60 per cent tin and 40 per cent lead). The company shipped 9 lots totaling 199,396 pounds in August and September 1950 in fulfillment of that order. Two additional lots approximating a total of 44,400 pounds were ordered and shipped in December 1950.

The shipments to Engelhart were excess stocks for which the company had committed itself and which it wanted to dispose of at market value. The sales

to Engelhart were each at market value and were paid for by Engelhart in cash.

Engelhart stored the mixed metals at his own expense and held 9 of the lots for more than 6 months. The last 2 lots were held by him for less than 6 months. He eventually resold the metal to Kester Solder Company at market prices. The sale of the 9 lots held for more than 6 months resulted in a long-term capital gain of $63,893.12, and the sale of the 2 lots held for less than 6 months resulted in a short-term capital loss of $8,540.49. Both of those items were reported in the petitioner's return for 1951.

Engelhart and his wife owned more than 50 per cent in value of the stock of Kester Solder Company.

Section 24 (b) (1) provides that no deduction shall be allowed in computing net income in respect of losses from sales of property between an individual and a corporation more than 50 per cent in value of the outstanding stock of which is owned by such an individual, and an individual shall be considered as owning the stock owned by his wife.

Engelhart argues that section 24 (b) (1) does not apply where the subject of the sale was the type of property here involved. His argument seems to be that while the mixed metal was a capital asset in his hands it changed to stock in trade in the hands of the corporation. The provision applies no matter what type of property is involved. *Lewis L. Fawcett*, 3 T. C. 308, affd. 149 F. 2d 433. Cf. *Lakeside Irrigation Co.*, 41 B. T. A. 892, affd. 128 F. 2d 418, certiorari denied 317 U. S. 666. The fact that the transactions were bona fide and at fair market values is immaterial. *W. A. Drake, Inc.*, 3 T. C. 33, affd. 145 F. 2d 365; *Nathan Blum*, 5 T. C. 702; *Arizona Publishing Co.*, 9 T. C. 85. It is likewise immaterial that an actual loss was suffered. Obviously, if no loss was suffered the question would not arise. Here the petitioner alleged that a loss had been sustained and reported, and the Commissioner admits those allegations but appropriately applies the limitation of section 24 (b) (1). The petitioner's contention in this connection is that all of his sales to the corporation should be combined and the net result is a gain, not a loss. But it is obvious that all of the gains resulted from a purchase or purchases separate from the purchase or purchases from which the losses resulted. The holding period was different, and the bases or the sales prices had to be different. Losses and gains cannot be combined as the petitioner contends. *Lakeside Irrigation Co., supra; M. F. Reddington Co.* v. *Commissioner*, 131 F. 2d 1014, affirming B. T. A. Memorandum Opinion dated February 16, 1942; *B. O. Mahaffey*, 1 T. C. 176, reversed on other grounds 140 F. 2d 879; *Morris Investment Corporation*, 5 T. C. 583, affd. 156 F. 2d 748, certiorari denied 329 U. S. 788; *William F. Krahl*, 9 T. C. 862; *Jacob M. Kaplan*, 21 T. C. 134 (appeal dismissed by stipulation April 12, 1954). The petitioners in each of those cases had sold in one transaction several properties which had been separately purchased. The petitioner's case is no stronger and may

be even weaker since the property which he sold at a loss was definitely purchased and may have been sold separately from the property on which he had gains. The petitioner refers to section 267 of the Internal Revenue Code of 1954 which contains provisions similar to those contained in section 24 (b) to (d) of the Internal Revenue Code of 1939 except that the new subsection (d) contains additional provisions. Those provisions were not retroactive, they would not aid this petitioner and have no relevancy here which merits discussion.

The petitioner's argument that the limitation of section 24 (b) (1) was not intended to apply in a case like this is without merit. There is no ambiguity about this provision of the Code insofar as it applies to this case. It clearly and expressly provides that no deduction shall be allowed in computing net income, in a case like this, from the loss from the sale of the mixed metal since the sale was between Engelhart and the corporation in which he and his wife owned more than 50 per cent of the stock. Furthermore, even if the legislative history of this provision could be considered, the answer is that neither in the legislative history nor elsewhere is there any indication that Congress intended to limit the application of these provisions in any way except as expressly stated therein.

*Decision will be entered for the respondent.*