Melvin W. McGrew and Olive I. McGrew v. Commissioner. Elroy E. McGrew and Ella Mae McGrew v. Commissioner.
McGrew v. Commissioner
Docket Nos. 1300-63, 1301-63.
United States Tax Court
T.C. Memo 1965-256; 1965 Tax Ct. Memo LEXIS 74; 24 T.C.M. (CCH) 1391; T.C.M. (RIA) 65256; September 22, 1965
John L. Flynn, P.O. Box 615, Ashland, Ore., for the petitioners. Eli Blumenfeld, for the respondent. FAY
Memorandum Opinion FAY, Judge: The Commissioner determined deficiencies in petitioners' income tax for the taxable year 1960 as follows: Docket
No.
Petitioners
Deficiency
1300-63
Melvin W. and Olive I.
McGrew
$2,779.07
1301-63
Elroy E. and Ella Mae
McGrew
2,623.61 The parties have settled one of *75 the issues raised by the pleadings. The only issue left for decision is whether a loss suffered by a partnership (consisting of Melvin and Elroy McGrew) on sales in the ordinary course of its business to a corporation, controlled by petitioners, is to be disallowed under the provisions of section 267 of the Internal Revenue Code of 1954[1] which disallows losses with respect to transactions between certain related taxpayers. All of the facts have been stipulated and are so found. Those facts necessary to an understanding of our inquiry are recited below. Petitioners Melvin W. McGrew and Olive I. McGrew are husband and wife, residing in the State of Oregon. They filed their joint Federal income tax return for the year 1960 with the district director of internal revenue for the District of Oregon. Petitioners Elroy E. McGrew and Ella Mae McGrew are husband and wife, residing in the State of Oregon. They filed their joint Federal income tax return for the year 1960 with the district director of internal revenue for the District of Oregon. Melvin and Elroy *76 are brothers and commenced business as a partnership under the name McGrew Brothers (hereinafter referred to as the partnership) on or about November 30, 1947. Ever since said date they have been general partners, each owning a 50 percent interest in the partnership. During the entire term of the partnership prior to and including the year here involved, the business of the partnership consisted of the purchase of tracts of timber in the State of Oregon and the marketing and sale of logs obtained therefrom. The accounting records of the partnership were at all times, including the year here involved, maintained on an accrual basis and the partnership returns of income were filed on the basis of a calendar year with the district director of internal revenue at Portland, Oregon. McGrew Bros. Sawmill, Inc. (hereinafter referred to as the corporation), was at all times material herein and now is a corporation organized under the laws of the State of Oregon on April 10, 1953. During the year here involved, the corporation owned and operated a sawmill in the city of Medford, Oregon. The business of the corporation was at all times and now is the manufacture and sale of lumber. At *77 all times material herein, the shares of capital stock of the corporation, issued and outstanding, consisted of 125 shares. The shares were issued to and owned by: No. of
Percentage
Shareholders
Shares
of Total
Melvin and Olive
42
33 1/3
Elroy and Elia Mae
42
33 1/3
E. C. Kaune
41
33 1/3
The above-named E. C. Kaune was not related to the petitioners or to any member of the petitioners' families. During the calendar year 1960, the corporation purchased logs scaled at 10,874,850 feet for manufacture into lumber. Of such quantity, 8,188,730 feet of logs were purchased from the aforesaid partnership at market prices prevailing in Medford for logs of like species and grade at the times and dates of delivery thereof. During the calendar year 1960, the partnership cut and removed 8,371,510 feet of timber from three separate tracts. A summary of the quantities of logs obtained from such tracts by the partnership and delivered and sold to the corporation during the year 1960 is set forth below: Footage,
Sales
Tract
Log Scale
Realization
Hutchinson Creek
2,886,240
$140,834.37
O & C Tract #454
5,026,830
252,827.40
Spur No. 9
275,660
12,599.53
Total
8,188,730
$406,261.30
*78 The aforesaid logs were manufactured from Douglas fir, Sugar pine, Ponderosa pine, hemlock, Western fir, Incense cedar, and Red cedar species of timber owned and cut by the partnership. Payment for such logs by the corporation was separately calculated. They were paid for by loads of logs delivered, and such payments were based upon the footage, grade, species, and length of the individual logs contained in each delivery to the log pond. Such calculation of logs delivered and payment therefor is the custom and practice in the logging and lumber industry. During the calendar year 1960, the partnership incurred costs and expenses aggregating $429,424.65 for the costs of stumpage and log manufacture and hauling. Such sums were made up of the following: Cost per
Stumpage
Footage
M Feet
Total Cost
Hutchinson Tract
3,069,020
$25.641
$ 78,692.26
O & C Tract #454
5,026,830
31.435
158,018.27
Spur No. 9 Tract
275,660
22.537
6,212.45
Total
8,371,510
$242,922.98
Log Manufacture and Hauling: (Labor, materials, supplies,
taxes, depreciation, etc.)
8,371,510
22.278
186,501.67
Total
$429,424.65
The logging and hauling cost of timber *79 owned and cut by the partnership during the calendar year 1960 has been allocated by the respondent to the tracts from which such timber was removed for the purpose of computing gain or loss to the partnership from the sale of logs manufactured from such timber in the following manner: All other Costs and Expenses
Stumpage
Cost per
Tract
M Feet
Amount
M Feet
Amount
Total
Hutchinson
3,069.0
$ 78,692.26
$22.27
$ 68,372.05
$147,064.31
O & C #454
5,026.8
158,018.27
22.27
[1] 111,988.43
270,006.70
Spur No. 9
275.6
6,212.45
22.27
6,141.19
12,353.64
Total
$242,922.98
$186,501.67
$429,424.65
Based upon the aforesaid calculation of costs of logs manufactured by tracts, respondent *80 has determined that the partnership realized gain or loss during the year 1960 from sales of logs to the corporation in the following manner: Tract
Sales Price
Cost of Logs
Gain or Loss
Hutchinson
$140,834.37
$138,305.45
$ 2,528.92
O & C #454
252,827.40
270,006.70
(17,179.30)
Spur No. 9
12,599.53
12,353.64
245.89
Respondent's determination of loss sustained by the partnership during the year 1960 from sales of logs manufactured from timber owned, cut, and removed from the aforesaid O & C Tract No. 454 in the sum of $17,179.30 has been disallowed by respondent as a reduction of income of said partnership for such year. By reason of such disallowance, respondent has determined an increase in the income of the members of such partnership for the calendar year 1960. Petitioners maintain that section 267 was not meant to disallow losses arising from sales in the ordinary course of business; that since the loss here involved stems from a sale in the ordinary course of the partnership's business, said loss does not fall within the section. [2] We disagree with petitioners. *81 Section 267(a)(1) provides: (a) Deductions Disallowed. - No deduction shall be allowed - (1) Losses. - In respect of losses from sales or exchanges of property * * *, directly or indirectly, between persons specified within any one of the paragraphs of subsection (b). This Court, in interpreting the above-quoted section, has consistently held that losses arising out of all sales (including sales of capital assets as well as sales in the ordinary course of business) between related parties are disallowed. Estate of Edwin H. Johnson, 42 T.C. 441, 445 (1964), (on appeal C.A. 6, Oct. 22, 1964); Frank C. Engelhart, 30 T.C. 1013, 1014 (1958). [3] In rejecting a similar argument as made herein we stated in Estate of Edwin H. Johnson, supra: Accepting petitioners' argument for what it in substance is, that is, that sales in the ordinary course of a taxpayer's business are not subject to the provisions of section 267(a), we disagree with petitioners' position. Section 267(a) makes no such exception. Its coverage is broad. It is applicable even where "a hardship may result * * * where the transaction is in entire good faith." Accordingly, we *82 reject petitioners' contention that section 267(a) does not apply to losses from sales in the ordinary course of business. Petitioners, in the event we hold that section 267(a) does apply, make the further argument that the amount of the loss should be computed by offsetting the sales price against the cost of goods sold. They then argue that what respondent has done has been to allocate to the cost of the timber obtained from O & C Tract # 454 a proportionate amount of all of the ordinary and necessary expenses of the partnership business, including some expenses which are not properly included in determining cost of goods sold. The petitioners claim this is not proper. While we may agree with petitioners' principle, we do not agree that there has been any violation of it here. What respondent has allocated to the cost of the timber was the cost of converting the timber into logs. The figure respondent has allocated to the timber obtained from O & C Tract # 454 is the very same figure petitioners admit represents the actual cost of converting the timber into logs. Thus, the cost of the timber plus the cost *83 of conversion clearly represents the cost of goods sold which is the figure respondent has offset against the sales price in computing the amount of the loss to be disallowed. We find no error in respondent's method of determining the amount of the loss to be disallowed. Petitioners have made additional arguments pertaining to the method respondent has used in arriving at the amount of the loss to be disallowed. We find no merit in these arguments and accordingly reject them. Decisions will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954.↩
1. Petitioners in both dockets recognize that this figure of $111,988.43 represents the cost of converting 5,026,830 feet of timber obtained from the O & C Tract #454 into logs. Paragraphs 5(d) of both petitions contain the following: that thereafter during the calendar year of 1960 the said partnership cut approximately 5,026,830 M' of such timber and expended $111,988.43, more or less, for the cost of converting said timber into logs * * *↩
2. Petitioners do not question the fact that the sale here involved was made between related parties as defined in section 267(b) and (c)↩.
3. See also W. H. Ferguson, Sr., T.C. Memo. 1962-298↩.